**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,                      CASE NO. 18-20143
                                         HON. DENISE PAGE HOOD
v.

MAURICE DESHUNTE BORADERS,

      Defendant.
                                    /

**ORDER GRANTING MOTION TO WITHDRAW [#30]**
**AND STRIKING MOTIONS TO DISMISS [#29, #32]**

**I.    Introduction**

On October 20, 2017, a Complaint was sworn against Defendant Maurice Boraders and Macy Kissy Hood. On the same day, Defendant was arrested and Otis Culpepper was appointed to represent Defendant. A detention hearing was held on October 23, 2017, at which Defendant was represented by retained attorney Randall Upshaw. A consent order of detention was entered that day – allegedly, upon the advice of counsel. On October 30, 2017, November 30, 2017, and January 30, 2018, stipulated orders to continue were entered.

On March 6, 2018, an Information was filed against Defendant. On that date, Melonie Bates appeared for Defendant in front of Judge Stephen Murphy. On the advice of counsel, Defendant waived Indictment and acknowledged the Information.

Defendant indicates that he first learned that day of his rights under the Speedy Trial Act. On March 21, 2018, a notice of jury trial was entered, setting the trial for April 17, 2018.

On April 2, 2018, Defendant filed a *pro se* Motion to Dismiss [#29] alleging: (1) ineffective assistance of counsel; and (2) violation of his speedy trial rights because it was more than 100 days between the day of his arrest and initial appearnace and the date the information was filed against him. On April 5, 2018, Randall Upshaw filed a Motion to Withdraw as Counsel ("Motion to Withdraw") [#30]. The Motion to Withdraw identifies only Mr. Upshaw as the counsel seeking to withdraw, even though Ms. Bates is also from his office. On April 17, 2018, Defendant filed a duplicate *pro se* Motion to Dismiss [#32]. On April 18, 2018, the Court held a hearing regarding the three motions.

**II.    Motion to Withdraw [#30]**

Mr. Upshaw states that "there has been a breakdown in the attorney-client relationship to the extent that [Mr.] Upshaw is no longer able to represent Defendant" and that "factors have arisen . . . which make it impossible to adequately represent Defendant." Dkt. 30, PgID 51. On the record, Mr. Upshaw outlined the efforts he had made with Defendant, including having visited him twice, talked to Defendant telephonically, and negotiating a possible Rule 11 plea agreemen on Defendant's

behalf. Mr. Upshaw indicated that he did not feel Defendant listened to him. Mr. Upshaw asserts that Defendant will not be prejudiced in any manner. At the hearing, Mr. Upshaw indicated that the Motion to Withdraw also was intended to encompass and apply to Ms. Bates.

When the Court asked Defendant if he agreed with Mr. Upshaw's request to withdraw as counsel, Defendant agreed with Mr. Upshaw's request and confirmed he desired a new attorney. Defendant indicated that he did not think Mr. Upshaw was working as he should on Defendant's behalf, did not adequately communicate with Defendant, and did not appropriately respond to Defendant's family.

The Government took no position regarding the Motion to Withdraw.

The Court finds that there has been an irreconcilable breakdown of the attorney-client relationship, grants the Motion to Withdraw, and terminates the legal representation of Defendant by Mr. Upshaw and Ms. Bates.

### III. Motion to Dismiss [#29 and #32]

Defendant's Motions to Dismiss must be stricken. Defendant was represented by counsel when he filed both Motions to Dismiss. It is well-established law in the Sixth Circuit that a criminal defendant cannot proceed with hybrid representation, whereby he asserts both the right to proceed *pro se* and the right to counsel – he must choose one or the other. *See, e.g., United States v. Mosely*, 810 F.2d 93, 97 (6th Cir.

1987) (citing *United States v. Conder*, 423 F.2d 904, 908 (6th Cir.), *cert. denied*, 400 U.S. 958 (1970)).

The only possible exception to that rule would be if the Court permits a form of hybrid representation. *Mosely*, 810 F.2d at 97-98. Defendant did not file a motion to proceed *pro se* or by hybrid representation. Defendant expressly states that he is "not acting in a hybrid fashion with attorney Randall P. Upshaw or Melonie K. Bates." *See* Dkt. No. 29, PgID 38. The Court has not determined, and does not determine, that hybrid representation is appropriate or necessary at this stage of the proceedings. The Court orders that the Motions to Dismiss [#29 and #32] filed by Defendant be stricken from the docket. The Court's order to strike is without prejudice to the arguments made in the Motions to Dismiss based on ineffectiveness of counsel and the Speedy Trial Act.

**IV. Conclusion**

Accordingly,

IT IS ORDERED that the Motion to Withdraw [Dkt. No. 30] is **GRANTED** and the representation of Defendant by Mr. Upshaw and Ms. Bates is **TERMINATED**.

IT IS FURTHER ORDERED that the Federal Defender's Office immediately appoint a new CJA panel attorney to represent Defendant.

IT IS FURTHER ORDERED that the Clerk of the Court shall **STRIKE** both of Defendant's Motions to Dismiss [Dkt. Nos. 29 and 32] from the docket.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: April 19, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 19, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager