# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                           CASE NO. 18-20143
                                           HON. DENISE PAGE HOOD

v.

MAURICE DESHUNTE BORADERS,

       Defendant.

_____/

## ORDER STRIKING MOTION FOR RECONSIDERATION [#38]

On April 2, 2018, Defendant filed a *pro se* Motion to Dismiss [#29] alleging: (1) ineffective assistance of counsel; and (2) violation of his speedy trial rights because it was more than 100 days between the day of his arrest and initial appearnace and the date the information was filed against him. On April 17, 2018, Defendant filed a duplicate *pro se* Motion to Dismiss [#32]. On April 19, 2018, the Court struck both of Defendant's Motions to Dismiss because he was represented by counsel. [#35] On April 19, 2018, the Court also terminated Defendant's original appointed counsel and ordered the appointment of new counsel. *Id.* On April 23, 2018, new counsel (Martin Crandall) was appointed for Defendant and Mr. Crandall continues to represent Defendant.

On May 18, 2018, Defendant filed a Motion for Reconsideration of the Motions

to Dismiss. [#38] But, Defendant has been represented by counsel (Mr. Crandall) since April 23, 2018, and Defendant was represented by Mr. Crandall when Defendant filed the Motion for Reconsideration on May 18, 2018. As stated by the Court in its April 19, 2018 Order:

> It is well-established law in the Sixth Circuit that a criminal defendant cannot proceed with hybrid representation, whereby he asserts both the right to proceed *pro se* and the right to counsel – he must choose one or the other. *See, e.g., United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987) (citing *United States v. Conder*, 423 F.2d 904, 908 (6th Cir.), *cert. denied*, 400 U.S. 958 (1970)).
>
> The only possible exception to that rule would be if the Court permits a form of hybrid representation. *Mosely*, 810 F.2d at 97-98. Defendant did not file a motion to proceed *pro se* or by hybrid representation.

The Court has not determined, and does not determine, that hybrid representation is appropriate or necessary at this stage of the proceedings, when Defendant has assigned counsel and has not been prejudiced in any manner by the proceedings. Accordingly, the Court orders that the Motion for Reconsideration [#38] filed by Defendant be stricken from the docket. The Court's order to strike is without prejudice to the arguments made in the Motion for Reconsideration or the underlying Motions to Dismiss based on ineffectiveness of counsel and the Speedy Trial Act.

For the reasons stated above,

IT IS ORDERED that the Clerk of the Court shall **STRIKE** Defendant's

Motion for Reconsideration [Dkt. No. 38] from the docket.

  IT IS ORDERED.

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: May 25, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 25, 2018, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager