**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,                             Case No. 18-20143
                                                 HON. DENISE PAGE HOOD

v.

MAURICE DESHUNTE BORADERS,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S**
**MOTION FOR COMPASSIONATE RELEASE [ECF No. 74]**

**I.   Introduction**

Defendant filed a Motion for Compassionate Release based on the Covid-19 pandemic and his asthmatic condition. [ECF No. 74] The Government has responded. For the reasons set forth below, Defendant's Motion is denied.

**II.  Background**

In October 2017, Defendant and a companion transported approximately 10 kilograms of cocaine from California to Detroit on a commercial airplane. Defendant intended to distribute the cocaine once he got to Detroit. On November 19, 2018, Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 or more grams of cocaine, in violation of 21 U.S.C. §§841(a)(1) and

846. The Court imposed a 60-month term of imprisonment. ECF No. 68. As he was incarcerated from the time of his arrest, his projected release date is February 5, 2022, and he has served more than half of his sentence. Defendant previously has been convicted of armed robbery, felony firearm, and carrying a concealed weapon. He has violated parole by committing another felony on numerous occasions, including when he committed the drug trafficking offense in this case.

Defendant is imprisoned at Cumberland FCI in Maryland. Defendant is 34-years old and has asthma. The Government claims his asthma is only an issue when Defendant exercises and has the ability to use an inhaler if needed. The Government represents that Cumberland FCI has been following BOP guidelines to identify inmates who are positive for Covid-19 and to implement the additional necessary safety protocols for any inmates who test positive. Cumberland FCI had tested more than 200 inmates for Covid-19. There are currently three inmates and six staff members positive for Covid -19. https://www.bop.gov/coronavirus/ (as of March 23, 2021).

The Government does not contest that Defendant has exhausted his administrative remedies with respect to seeking compassionate release.

### III. Analysis

A court may reduce a term of imprisonment if it determines "extraordinary and

compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). A court also must weigh the sentencing factors set forth in 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. Although this Court and many others previously believed that U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) constituted the "applicable policy statement[]" with which courts must comply under 18 U.S.C. § 3582(c)(1)(A), the Sixth Circuit recently established that Section 1B1.13 is not applicable, nor is it to be considered by the Court, when determining whether there are extraordinary and compelling reasons warranting a reduction in sentence. *See, e.g., United States v. Hampton*, No. 20-3649 (6th Cir. Jan. 19, 2021); *see also United States v. Elias*, No. 20-3654 (6th Cir. Jan. 6, 2021); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020).

"Extraordinary" is defined as "exceptional to a very marked extent." Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Id.* A court in the Eastern District of Michigan has described the requirements of "'extraordinary' as beyond what is usual, customary, regular, or common," and "'compelling reason' as one so great that irreparable harm or injustice would result if the relief is not granted." *See United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3

(E.D. Mich. Jan. 31, 2020) (citations omitted). And, as the Tenth Circuit recently explained, a district court "lack[s] jurisdiction" to grant compassionate release when a defendant's circumstances do not fall within those categories. *United States v. Saldana*, 807 F. App'x 816, 820-21 (10th Cir. 2020).

The Court has reviewed and considered Defendant's Motion. In his Motion, Defendant states:

> I am writing this letter in regards for compassionate release due to my medical condition. My medical condition is chronic asthma in which I have suffered my entire life, every now an[d] then I'll have complications with my breathing due to my asthma. It's on record that I am a[n] asthmatic patient[.] I've been at FCI Cumberland since September 2019[;] upon arriving here I wasn't allowed to have my inhalers which I had since FCI Milan. It's been several cases of Covid 19 here. We been on lockdown since April due to the spread of the virus[.] I been asking for my inhaler because I been having slight problems with my breathing. Honestly I am scared that if I do catch the virus I won't be able to recover. I've got over 50% of my time done, I'm incident report free, I have completed several self-help programs and I'm currently in the intensive RDAP program you required me to take. I'm due to graduate Dec 14, 2020 which I'll receive 1 year credit towards my sentence. I have a release plan and a verified address on file, as well as a strong support system. I filed for compassionate release through the warden and I'm still waiting on a response. Thanks for your time and help . . .

ECF No. 74, PgID 320.

For purposes of the Court's analysis regarding danger to the community and the Section 3553(a) factors, the Court will assume that Defendant can establish an

"extraordinary and compelling reason" for release due to his health conditions.[1] The Court understands Defendant's arguments and commends his behavior and apparent progress while in custody at FCI Cumberland during his current sentence. For the reasons that follow, however, the Court denies Defendant's Motion because of his criminal history and the manner in which he engaged in criminal conduct.

Before a court grants compassionate release, it must consider the factors set forth in 18 U.S.C. § 3553(a) and conclude that release is appropriate. *See, e.g., Knight*, 2020 WL 3055987, at *3 ("The § 3553(a) factors . . . weigh against his request for compassionate release."); *United States v. Murphy*, No. 15-20411, 2020 WL 2507619, at *6 (E.D. Mich. May 15, 2020) (denying compassionate release because "the 18 U.S.C. § 3553(a) sentencing factors do not favor release"); *United States v. Kincaid*, 802 F. App'x 187, 188–89 (6th Cir. 2020) (upholding a district court's denial of compassionate release based on the § 3553(a) factors). The factors in § 3553(a) strongly weigh against compassionate release in this case.

The Court finds that Defendant's criminal history and conduct with respect to the underlying offense make him a danger to the community. In 2003, Defendant was convicted of armed robbery and felony firearm. Only ten months after he was paroled

---

[1] The Court does not need to, and does not, make a finding regarding Defendant's health and susceptibility to Covid-19.

in 2008, he violated his parole when he was arrested for possessing a firearm. In 2009, he pleaded guilty to carrying a concealed weapon and went back to prison. In 2013, he was paroled again but only seven months later, he violated his parole again and was again sent back to prison. In December 2016, he was paroled for a third time. Ten months later, Defendant committed the instant offense, which involved traveling back and forth across the country for the purpose of obtaining and distributing cocaine. He first flew from Michigan to California to procure 10 kilograms of cocaine, then placed the cocaine in his luggage and flew the cocaine back to Michigan so he could distribute the cocaine. The Court notes that Defendant also committed the instant offense while he was on parole.

The instant offense was very serious because Defendant utilized a commercial aircraft to transport a large quantity of cocaine across the country for distribution in neighborhoods in this this district. Defendant has multiple previous firearm convictions. Defendant has served a lengthy prison sentence that did not deter him from continuing to engage in serious crime, so the Court cannot conclude that serving only 35 months of a 60-month prison sentence would deter Defendant from breaking the law. Defendant also has repeatedly violated his parole, and releasing him early would not promote respect for the law. Finally, the public needs protection from Defendant's propensity to commit crime when not incarcerated, including the illegal

possession firearms and a history of robbery and dealing drugs.

The Court concludes that Defendant's criminal acts in this case, combined with his previous violent history, his multiple firearms offense, the numerous crimes he has committed while on parole, and the fact that he has been engaged in criminal activity when not incarcerated since 2003, make him a danger to the community. For the reasons stated, the Court finds that the factors set forth in § 3553(a) do not support releasing Defendant.

The Court will not grant Defendant a compassionate release due to the COVID-19 pandemic.  Defendant's Motion is denied.

## IV.   Conclusion

Accordingly,

IT IS ORDERED that Defendant's Motion for Compassionate Release [ECF No. 74] is DENIED.

IT IS ORDERED.

                                            s/Denise Page Hood
                                            United States District Judge

Dated: March 23, 2021